

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 17 2008
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:07-CR-138-A |
| | § | |
| JAMES RUDZAVICE | § | |

MEMORANDUM OPINION
and
ORDER

Now pending in the above-captioned action is the motion of defendant, **JAMES RUDZAVICE**, to dismiss count two of the indictment. The government responded to defendant's motion on April 16, 2008. Having considered defendant's motion, the government's response, and applicable authorities, the court concludes that the motion should be denied.

First, "[t]he defendant contends that prosecution in accordance with Miller v. California, 413 U.S. 15 (1973) is impossible in that 18 U.S.C. § 1470 fails to specifically define 'sexual conduct' as required by Miller . . . ." Mot. at 1.[1] In United States v. 12 200-Foot Reels of Film, 413 U.S. 123 (1973), the Supreme Court held that the standards relating to obscenity

---

[1] In Miller v. California, 413 U.S. 15 (1973), the Supreme Court held that, in an obscenity prosecution:

> The basic guidelines for the trier of fact must be: (a) whether the average person, applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest, . . . ; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

Id. at 24 (citation and quotation omitted).

discussed in <u>Miller</u> apply to federal legislation. <u>Id.</u> at 130. The court further noted that:

> If and when [] a serious doubt [of constitutionality] is raised as to the vagueness of the word[] "obscene," . . . as used to describe regulated material . . . , we are prepared to construe such term[] as limiting regulated material to patently offensive representations or descriptions of that specific "hard core" sexual conduct given as examples in <u>Miller v. California</u>, <u>supra</u>, 413 U.S., at 25 . . . . Of course, Congress could always define other specific "hard core" conduct.

<u>Id.</u> (quotation and citation omitted).[2] Though the foregoing holding was addressed specifically to terms used in 19 U.S.C. § 1305(a) (prohibiting importation of immoral articles) and 18 U.S.C. § 1462 (prohibiting importation or transportation of obscene matters), the Court has extended this reasoning to other federal statutes containing "obscene" and other similar terms. <u>See</u> <u>Hamling v. United States</u>, 418 U.S. 87, 114 (1974) (extending such construction to the terms of 18 U.S.C. § 1461, holding "[a]s so construed, we do not believe that petitioners' attack on [18 U.S.C. § 1461] as unconstitutionally vague can be sustained.").

The court concludes that the term "obscene" in 18 U.S.C. § 1470 should be construed <u>in pari materia</u> with the construction of such term in other federal statutes. <u>See</u> <u>Erlenbaugh v. United States</u>, 409 U.S. 239, 243-44 (1972) ("The rule of <u>in pari materia</u>-like any canon of statutory construction-is a reflection

---

[2] The "hard core" conduct referred to in this context includes "(a) Patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated. (b) Patently offensive representation or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals." <u>Miller</u>, 413 U.S. at 25.

2

of practical experience in the interpretation of statutes: a legislative body generally uses a particular word with a consistent meaning in a given context."). When the term is so construed, defendant's vagueness challenge fails. In Hamling, the Supreme Court noted that:

> Many decisions have recognized that these terms of obscenity statutes [, i.e., "obscene, lewd, lascivious, or filthy"] are not precise. This Court, however, has consistently held that lack of precision is not itself offensive to the requirements of due process. . . . [A]ll that is required is that the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.

Hamling, 418 U.S. at 111 (quoting Roth v. United States, 354 U.S. 476, 491-92 (1957)). The court concludes that 18 U.S.C. § 1470 conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.

Second, defendant argues that § 1470 "violates the First Amendment on its face and as applied to persons communicating on the world-wide web." Mot. at 3. In support, defendant relies on Ashcroft v. ACLU, 542 U.S. 656 (2004) (hereinafter, "Ashcroft II"). In Ashcroft II, the Supreme Court held the Child Online Protection Act ("COPA") unconstitutional. COPA presented First Amendment problems because it "was likely to burden some speech that is protected for adults . . . ." Id. at 665. Section 1470 does not present such problems; it is narrowly written such that it does not encompass speech that is protected for adults. Section 1470 only criminalizes the knowing transmission of "obscene matter to another individual who has not attained the

3

age of 16 years, [by an individual] knowing that such other individual has not attained the age of 16 years . . . ." 18 U.S.C. § 1470. Furthermore, § 1470 only applies to the transfer of "obscene matter," and "obscenity is not within the area of constitutionally protected speech or press." Roth, 354 U.S. at 485. Therefore, defendant's reliance on Ashcroft II is misplaced. Section 1470 does not violate the First Amendment.

Third, defendant argues that count two of the indictment should be dismissed for lack of venue because "the community standard applied in this case should be [that of El Paso, Texas,] the community where the material was sent." Mot. at 5. The general venue provision for criminal actions provides that, with certain limited exceptions, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). In Hamling, the Supreme Court held that:

> The fact that distributors of allegedly obscene materials may be subjected to varying community standards in the various federal judicial districts into which they transmit the materials does not render a federal statute unconstitutional because of the failure of application of uniform national standards of obscenity.

Hamling, 418 U.S. at 106. Notably, the defendants in Hamling were tried in the Southern District of California, having sent obscene materials from that district to various other parts of the country. Addressing the question of which community's

4

standards should be applied, the Court noted that a district court would be at liberty to admit evidence of standards existing in some place outside of the district from which the materials were sent if the court felt that such evidence would assist the jury. Id.

Defendant relies on Ashcroft v. ACLU, 535 U.S. 564 (2002) (hereinafter, "Ashcroft I"), in support of his argument that the community standard applied in this action should be that of the community to which the materials were sent. In Ashcroft I, the Supreme Court confirmed that its holding in Hamling applied to cases involving Internet communication. Id. at 583. The Court stated that:

> If a publisher chooses to send its material into a particular community, this Court's jurisprudence teaches that it is the publisher's responsibility to abide by that community's standards. The publisher's burden does not change simply because it decides to distribute its material to every community in the Nation.

Id. It follows, a fortiori, that a publisher is also responsible for abiding by the community standards prevailing in the community from which it sends its material. The defendants in Hamling, for example, were prosecuted accordingly. Thus the court concludes that this action may properly be heard in this district and decided by a fact-finder applying the community standards prevailing in this district.³

---

³That is not to say that defendant may not move at trial for the introduction of evidence of the community standards prevailing in El Paso, Texas, and how they may differ from those in this district, if he so wishes.

Fourth, defendant argues that the statute compromises his right of confrontation and to present a defense because he has no means to challenge whether the experience the jury would use to determine contemporary standards of decency is representative of the contemporary standard. This argument is unpersuasive. Defendant has cited no authority in support thereof. Defendant appears to take the position that jurors in this action would be serving as witnesses offering testimonial evidence against him, implicating Sixth Amendment Confrontation Clause concerns. The court is unconvinced.

Finally, defendant presents several arguments, which, as he concedes, are foreclosed by Smith v. United States, 431 U.S. 291, 309 (1977).

In addition to the arguments raised by defendant, the court expressed a question it had pertinent to this action. By order signed April 8, 2008, the court ordered the government to address whether "defendant can be convicted of the offense described in 18 U.S.C. § 1470 if he transfers obscene material to an individual who is more than sixteen years of age if defendant believes that the individual to which he transferred the material has not attained the age of sixteen years . . . ." Order signed April 8, 2008, at 1. In United States v. Hubbard, 480 F.3d 341 (5th Cir. 2007), the United States Court of Appeals for the Fifth Circuit held that:

> When a statute criminalizes conduct because the victim or intended victim is a minor, we have held that it is of no moment that the person with whom a defendant

attempted to engage in prohibited conduct was actually an adult as long as the defendant believed the intended victim to be a minor and there is proof of two elements. Those are that (1) the defendant acted with the kind of culpability otherwise required for the commission of the underlying substantive offense and (2) the defendant had engaged in conduct which constitutes a substantial step toward commission of the crime.

Id. at 346 (citation and quotation omitted). The court finds no reason why this holding would not apply to § 1470. Accordingly, the court is satisfied that a defendant can be convicted of the offense described in 18 U.S.C. § 1470 if he transfers obscene material to an individual who is more than sixteen years of age if the defendant believes that the individual to which he transferred the material has not attained the age of sixteen years. See id. See also United States v. Spurlock, 495 F.3d 1011, 1013 (8th Cir. 2007) (holding that under 18 U.S.C. § 1470, a "[defendant]'s belief that the person to whom he transferred obscene matter was under the age of sixteen is sufficient to convict him of attempt, even if the recipient was actually an adult.").

\* \* \* \* \* \*

For the reasons discussed herein,

The court ORDERS that defendant's motion to dismiss be, and is hereby, denied.

SIGNED April 17, 2008.

JOHN McBRYDE
United States District Judge

7